UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ELLA BUCHANAN,<br>executrix of the Estate of<br>MICHAEL BUCHANAN, deceased,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH E. MCLEE and<br>HONDO, INC., d/b/a/<br>COCA-COLA BOTTLING,<br><br>Defendants. | No. 2:05 CV 396 |

## OPINION and ORDER

Plaintiff Ella Buchanan, executrix of the estate of Michael Buchanan, now deceased, filed a complaint on November 2, 2005, seeking damages arising out of a motor vehicle accident that allegedly occurred when defendant Joseph E. McLee, an employee of defendant Hondo, Inc., negligently operated a tractor-trailer vehicle. On November 18, 2005, defendants filed a motion to dismiss (docket # 5), arguing that this court does not have jurisdiction over this case because complete diversity does not exist.

Plaintiff alleges that the court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Under that section, district courts have original jurisdiction over cases between citizens of different states where the matter in controversy exceeds $75,000. Neither party disputes the amount in controversy in this case. A case involving multiple plaintiffs or defendants meets the citizenship requirements of § 1332 only if all plaintiffs are diverse from all defendants. *Moore v. Gen. Motors Pension Plans,* 91 F.3d 848, 850 (7th

Cir. 1996); *Bagdon v. Bridgestone/Firestone, Inc.,* 916 F.2d 379, 381 (7th Cir. 1990), *cert. denied,* 500 U.S. 952 (1991). A corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A legal representative of the estate of a decedent is a citizen of the same state as the decedent. *Id.* § 1332(c)(2).

In her complaint, plaintiff alleges that the decedent was a "resident" of Indiana and that defendant McLee is a "resident" of Illinois. (Compl. ¶¶ 3, 4.) The court notes that allegations of residency are insufficient to establish jurisdiction, because residency is not synonymous with citizenship. *Simon v. Allstate Employee Group Med. Plan,* 263 F.3d 656, 658 (7th Cir. 2001). Nonetheless, defendants are willing to assume that plaintiff meant to plead citizenship instead of residency and do not challenge the allegations as to those two parties, and so the court will do the same here. The only issue left to be resolved is the citizenship of defendant Hondo, Inc.

Plaintiff alleges that Hondo, Inc., is "an Illinois corporation located in the City of Niles, Illinois." (Compl. ¶ 5.) The court takes plaintiff's statement to mean that Hondo, Inc., is a citizen of Illinois only, and not Indiana. Normally, the court reads a complaint liberally, accepting as true all well-pleaded allegations of the complaint and any inferences that may reasonably be drawn therefrom. *Sapperstein v. Hager,* 188 F.2d 852, 855 (7th Cir. 1999). However, when jurisdiction is challenged as a factual matter, that presumption of correctness falls away, and the party seeking the federal forum has the burden of establishing jurisdiction by "competent proof," *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.,* 250 F.3d 1077, 1081 (7th Cir. 2001) (citing *NLFC, Inc. v. Devcom*

*Mid-Am., Inc.,* 45 F.3d 231, 237 (7th Cir. 1995)), which means that the plaintiff must show "proof to a reasonable probability that jurisdiction exists." *Id.* (citing *Target Market Publ'g, Inc. v. ADVO, Inc.,* 136 F.3d 1139, 1142 (7th Cir. 1998)). In other words, "diversity jurisdiction must be proved by the plaintiff rather than assumed as a default." *Moore v. Gen. Motors Pension Plans,* 91 F.3d 848, 850 (7th Cir. 1996). "[I]t is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction." *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446, 447 (7th Cir. 2005).

Defendants have submitted a printed copy of a document entitled "Corporation File Detail Report," apparently retrieved from the Illinois Secretary of State's website, which shows that Hondo Inc. is actually incorporated in Indiana, not Illinois, making Indiana at least one of its states of citizenship. (Defs.' Mot. Dismiss, Ex. 2.) Plaintiff did not respond to defendants' motion to dismiss and has submitted no evidence as to Hondo Incorporated's citizenship. With only this evidence to consider, the court has no choice but to conclude that plaintiff has not met her burden of establishing by competent proof that complete diversity exists in this case.

For the foregoing reasons, the court hereby:

(1) **GRANTS** defendants' motion to dismiss (docket # 5), and

(2) **ORDERS** that this case be **DISMISSED** for want of jurisdiction.

**SO ORDERED.**

ENTER: February 10, 2006

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT